STATE OF CONNECTICUT *v.* GARY POTTS
(AC 18964)

Foti, Lavery and Landau, Js.

Argued June 8—officially released October 26, 1999

*Elizabeth M. Inkster*, assistant public defender, for the appellant (defendant).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*,

state's attorney, and *Cecilia Wiederhold*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Gary Potts, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a.[1] On appeal, the defendant alleges that the evidence was insufficient to prove beyond a reasonable doubt that he intended to cause the death of the victim. He also claims that the trial court's instructions to the jury were improper as to (1) extreme emotional disturbance and (2) reasonable doubt and the presumption of innocence. We affirm the judgment of the trial court.

On the basis of the evidence adduced at trial, the jury reasonably could have found the following facts. On October 30, 1994, the victim, Tyshana King, was living in New Haven with her one year old daughter, Tynette. The defendant was the father of the child and the boyfriend of the victim. The defendant came to visit early in the evening and began to argue with the victim, who was speaking on the telephone. He wanted to know with whom she was speaking and believed that she was involved with another man. When she refused to tell him, he hit her on the side of her head with his beeper and then in the face with a clothes iron. When the victim attempted to call 911, he took the telephone from her and hit her on the head with it. He refused to leave and stated, "She don't love me," and "I'll kill her, I'll kill her, I'll kill myself, too."

The defendant then went into the pantry, rummaged through the silverware, selected a black-handled steak knife with a four and three-quarter inch, silver-colored blade, serrated on one side, and returned to where the

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

victim was standing. The victim's cousin, Nadine King, was standing between the defendant and the victim, who was holding the child. The defendant suddenly reached around Nadine King and plunged the knife into the victim's neck, penetrating at least two and one-half inches and lacerating her internal jugular and subclavian veins.

When the police arrived, the defendant admitted stabbing the victim and stated that he "didn't want nobody else to be with her." The victim died on November 1, 1994. Additional facts will be set forth as necessary.

I

The defendant concedes that the evidence was sufficient to establish beyond a reasonable doubt that he had, in fact, caused the victim's death. He claims, however, that the evidence was insufficient to demonstrate beyond a reasonable doubt that he *intended* to cause her death. We do not agree.

In reviewing a sufficiency of the evidence claim, we must apply a two part test. "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 126, 646 A.2d 169 (1994).

"It is well settled that in reviewing a defendant's challenge to a verdict based on insufficient evidence, we defer to the jury." *State* v. *Brunori*, 22 Conn. App. 431, 434–35, 578 A.2d 139, cert. denied, 216 Conn. 814, 580 A.2d 61 (1990). "We do not sit as a thirteenth juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the

cold printed record. We have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility." *State* v. *Stepney*, 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). Our Supreme Court has stated that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original; internal quotation marks omitted.) *State* v. *Scielzo*, 190 Conn. 191, 197, 460 A.2d 951 (1983).

It is well settled that the jury must find every element proven beyond a reasonable doubt to find the defendant guilty of the charged crime. *State* v. *Torres*, 242 Conn. 485, 489–90, 698 A.2d 898 (1997). The defendant claims that the evidence was insufficient to prove beyond a reasonable doubt that he intended to kill the victim. "The specific intent to kill is an essential element of the crime of murder. To act intentionally, the defendant must have had the conscious objective to cause the death of the victim. . . . Intent is generally proven by circumstantial evidence because direct evidence of the accused's state of mind is rarely available. . . . Therefore, intent is often inferred from conduct . . . and from the cumulative effect of the circumstantial evidence and the rational inferences drawn therefrom. . . . Furthermore, [i]ntent to cause death may be inferred from the type of weapon used, the manner in which it was used, the type of wound inflicted and the events leading to and immediately following the death." (Citations omitted; internal quotation marks omitted.) *State* v. *Sivri*, supra, 231 Conn. 126–27.

In this case, we conclude that the jury reasonably could have found that the defendant intended to kill the victim. Before the killing, the defendant stated that he would kill her. He selected a weapon, a steak knife

with a serrated edge, that was well over four inches in length. He reached around another person and stabbed the victim in the neck, with some force, driving the blade at least two and one-half inches into her neck. The jury also had before it evidence of the violence that occurred before the killing and the defendant's statement after the killing from which a motive, i.e., jealousy, could be inferred. We conclude that the cumulative effect of the evidence, which the jury obviously accepted, was more than sufficient to allow it to find beyond a reasonable doubt that the defendant intended to cause the victim's death.

## II

The defendant next argues that the trial court's instruction on emotional disturbance[2] was improper because it was "objectively based." We do not agree.

The defendant submitted a request to charge on extreme emotional disturbance that was subjectively based. The court, however, instructed as follows: "If you find that the defendant acted under extreme emotional distress, as I have defined it, you must also find, for the affirmative defense to be established, that there was a reasonable explanation or cause for this disturbance, the reasonableness of which must be determined *from the viewpoint of a reasonable person* in the defendant's situation under the circumstances as the defendant believed them to be. Again, the reasonableness of the explanation or excuse for the defendant's conduct under extreme emotional distress must be determined *from the viewpoint of a reasonable person* in the defen-

---

[2] Under General Statutes § 53a-54a (a), "in any prosecution [for the crime of murder], it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be . . . ."

dant's situation under the circumstances as he believed them to be." (Emphasis added.)

This matter is controlled by our Supreme Court's decisions in *State* v. *Ortiz*, 217 Conn. 648, 654, 588 A.2d 127 (1991), and *State* v. *Raguseo*, 225 Conn. 114, 127–28, 622 A.2d 519 (1993). We are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. *State* v. *Cole*, 50 Conn. App. 312, 320, 718 A.2d 457, cert. granted on other grounds, 247 Conn. 937, 722 A.2d 1217 (1998). We conclude, therefore, on the basis of Supreme Court precedent, that the instruction was proper.

III

The defendant's final claims is that the trial court improperly instructed the jury on reasonable doubt and the presumption of innocence. Specifically, he argues that the instruction that the state's burden to prove guilt beyond a reasonable doubt is a "rule of law [which] is made to protect society and persons whose guilt has not been established beyond a reasonable doubt, not to protect those whose guilt has been so established" impermissibly diluted the presumption of innocence and the reasonable doubt standard in violation of the defendant's rights to due process and a jury trial. We do not agree.

The defendant seeks review of this unpreserved claim pursuant to *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). This claim is controlled by our Supreme Court's decision in *State* v. *Schiappa*, 248 Conn. 132, 168, 728 A.2d 466, cert. denied, 528 U.S. 862, 120 S. Ct. 152, 145 L. Ed. 2d 129 (1999) (en banc), in which the court held that the use of a similar charge, although disfavored, did not amount to a constitutional violation.

The judgment is affirmed.

In this opinion the other judges concurred.