## STATE OF CONNECTICUT *v.* GARY POTTS

The defendant's petition for certification for appeal from the Appellate Court, 55 Conn. App. 469 (AC 18964), is denied.

BERDON, J., dissenting. I would grant certification to appeal on the following two issues: 1. Whether the constitutional (federal and state) rights of the defendant, Gary Potts, were violated when the jury was instructed on the affirmative defense of extreme emotional disturbance that it must assess the "reasonableness" of his action "from the viewpoint of a reasonable man, placed in the defendant's situation, under the circumstances as the defendant believed them to be?" See *State* v. *Raguseo*, 225 Conn. 114, 140, 622 A.2d 519 (1993) (*Berdon, J.*, dissenting) ("trial court's injection of the term 'reasonable' into the language of the extreme emotional disturbance defense created an overly objective test that prevented the jury from considering the defendant's mental abnormalities").

2. Whether the instruction that the state's burden of proof beyond a reasonable doubt is a "rule of law made to protect society and persons whose guilt has not been established beyond a reasonable doubt, [and] not to protect those whose guilt has been so established," impermissibly diluted the presumption of innocence and the reasonable doubt standard? See *State* v. *Watson*, 251 Conn. 220, 239, 740 A.2d 832 (1999) (*Berdon, J.*, dissenting) (defendant's "due process rights were violated when the trial court instructed the jury that the reasonable doubt standard and the presumption of inno-

cence are 'designed to protect the innocent and not the guilty' ").

Accordingly, I dissent.

NORCOTT, J., did not participate in the consideration or decision of this petition.

*Elizabeth M. Inkster*, assistant public defender, in support of the petition.

*Bruce R. Lockwood*, deputy assistant state's attorney, in opposition.

Decided December 7, 1999