STATE OF CONNECTICUT *v.* RICHARD T. CARPENTER, JR.
(14173)

SHEA, CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued May 31—decision released August 20, 1991

*John R. Williams,* for the appellant (defendant).

*Steven M. Sellers,* assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (state).

CALLAHAN, J. The issue in this appeal is whether a criminal defendant's right to due process is violated when he is resentenced on a lesser included offense after a successful appeal of the greater offense and receives a sentence which, while thirty years less than his original sentence, is the *maximum* sentence allowed

for the lesser offense, when he had received only *five-sixths of the maximum sentence* allowed for the greater offense.

The defendant, Richard T. Carpenter, Jr., was convicted of the crime of murder in violation of General Statutes § 53a-54a and sentenced to a term of imprisonment of fifty years. The maximum prison term for murder is imprisonment for "life," which is defined to mean "a definite sentence of sixty years." General Statutes §§ 53a-35a and 53a-35b. After the defendant appealed his conviction to this court, we vacated his murder conviction and remanded the case for resentencing on the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). *State* v. *Carpenter,* 214 Conn. 77, 87, 570 A.2d 203 (1990). On remand, the trial court sentenced the defendant to a term of imprisonment of twenty years, the maximum allowable sentence for manslaughter in the first degree. General Statutes § 53a-35a. The defendant has appealed, claiming that the maximum sentence of twenty years that he received for manslaughter in the first degree violates principles of due process and double jeopardy.

The defendant was convicted of causing the death of eighteen month old Cassandra Demming, who died from injuries she suffered when the defendant forcefully threw her into a bathtub. The underlying facts surrounding that tragic event are fully set forth in the opinion of this court in *State* v. *Carpenter,* supra. As a result of the death of the child, the defendant was charged with murder in violation of § 53a-54a.[1] He was

---

[1] "[General Statutes] Sec. 53a-54a. MURDER DEFINED. AFFIRMATIVE DEFENSES. EVIDENCE OF MENTAL CONDITION. CLASSIFICATION. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant com-

tried and convicted of murder by a jury and was sentenced to a term of imprisonment of fifty years. Thereafter, the defendant appealed to this court claiming that his conviction was based on insufficient evidence to prove beyond a reasonable doubt that he had intended to cause the child's death. We reversed the trial court, finding that the evidence concerning the defendant's intent was insufficient, and remanded the case for sentencing on the lesser included offense of manslaughter in the first degree in violation of § 53a-55 (a) (3).[2]

At the resentencing hearing, the defendant argued to the trial court that principles of due process limited the maximum allowable sentence that could be imposed. Specifically, the defendant claimed that he was constitutionally protected from receiving a term of imprisonment greater than five-sixths of the twenty year maximum sentence for manslaughter in the first degree, or sixteen and two-thirds years, because the court originally had sentenced him to fifty years imprisonment, only five-sixths of the maximum sentence for murder of sixty years allowed by General Stat-

mitted the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.

"(b) Evidence that the defendant suffered from a mental disease, mental defect or other mental abnormality is admissible, in a prosecution under subsection (a), on the question of whether the defendant acted with intent to cause the death of another person.

"(c) Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a-35a unless it is a capital felony."

[2] General Statutes § 53a-55 (a) (3) provides: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

utes § 53a-35b.[3] The trial court was unpersuaded by the defendant's argument and resentenced him to the maximum term of imprisonment of twenty years.

In this appeal, the defendant, relying on *North Carolina* v. *Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), and its progeny, claims that his resentencing to a twenty year period of incarceration violated principles of due process and double jeopardy.[4] He claims that because the sentence he received on remand was greater, in proportion to the maximum sentence statutorily available, than the sentence he originally received for murder, it is a more severe sentence for due process purposes than his original sentence. Further, he claims that because the sentence is more severe, the trial court had a duty to articulate its reasons for the sentence on the record in order to avoid a presumption of unconstitutional vindictiveness under *Pearce*. Because we conclude that the defendant did not receive a more severe sentence on remand, we find the defendant's argument unpersuasive.

Due process requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives" after prevailing on appeal. *North Carolina* v. *Pearce*,

---

[3] Defense counsel stated: "In this case your Honor imposed a sentence that was exactly five-sixths of the maximum that was available or permissible. Accordingly, I would submit that the due process clause of the Fourteenth Amendment to the Federal Constitution as well as the provisions from Article One of the Connecticut Constitution effect a maximum permissible in this case of five-sixths of the maximum that is available on the charge of manslaughter, and that has to be sixteen and two-thirds years." He further stated, "I would submit to the Court that I think that a fair sentence in this case would be certainly no greater than ten years and a legal sentence in this case must be, I submit, no greater than sixteen and two-thirds years."

[4] Because the defendant has failed to articulate any cognizable double jeopardy claim either in his brief or at oral argument, we limit our review in this case to the due process claim.

supra, 725; *State* v. *Sutton,* 197 Conn. 485, 499, 498 A.2d 65 (1985), cert. denied, 474 U.S. 1073, 106 S. Ct. 833, 88 L. Ed. 2d 804 (1986). Therefore, "whenever a judge imposes a *more severe* sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear" and be made part of the record. (Emphasis added.) *North Carolina* v. *Pearce,* supra, 726; *State* v. *Sutton,* supra, 500. Initially then, before undertaking a *Pearce* analysis, we must determine whether the sentence imposed on remand was, in fact, greater than the sentence originally imposed. If it is not, application of the presumption of vindictiveness is not required. *United States* v. *Vontsteen,* 910 F.2d 187, 192, reh. granted, 919 F.2d 957 (5th Cir. 1990); *United States* v. *Bay,* 820 F.2d 1511, 1513–14 (9th Cir. 1987).

In determining whether the sentence was more severe, "[i]t is the actual effect of the new sentence as a whole on the total amount of punishment lawfully imposed by [the judge] on the defendant . . . which is the relevant inquiry . . . ." *United States* v. *Markus,* 603 F.2d 409, 413 (2d Cir. 1979). Further, "[i]n determining whether the second sentence is harsher than the first, we look not at the technical length of the sentence but at its overall impact on [the defendant]." *United States* v. *Williams,* 651 F.2d 644, 647 (9th Cir. 1981).

In determining the overall impact of a sentence on defendants, courts have found a wide range of resentencing possibilities to be more severe than the initial sentence. Certainly, a sentence on remand that imposes a longer sentence to serve in terms of actual years than did the original sentence would be considered more severe. *North Carolina* v. *Pearce,* supra; *United States* v. *Williams,* supra; *State* v. *Sutton,* supra. Similarly, courts have determined that a sentence on remand requiring a defendant to remain on parole for a longer period of time; *United States* v. *Albanese,* 554 F.2d 543,

549 (2d Cir. 1977); or to serve consecutive rather than concurrent sentences constitutes a greater punishment than the sentence originally imposed. *State* v. *Macumber,* 119 Ariz. 516, 522–23, 582 P.2d 162, cert. denied, 439 U.S. 1006, 99 S. Ct. 621, 58 L. Ed. 2d 683 (1978); *Kinney* v. *State,* 458 So. 2d 1191, 1192 (Fla. App. 1984).

In this case, the defendant makes no claim that his sentence was increased in severity in any way remotely similar to the cases previously cited. He claims rather that the sentence he received on remand is more severe than his original sentence because, although his sentence on remand was thirty years less than his original sentence, it was greater in proportion to the maximum sentence statutorily available than was his original sentence.

The defendant, however, has failed to provide any authority, and we have not located any, in support of the validity of his proportionality claim. Nor can we perceive any reason or policy for such a claim. It is clear to us, as it apparently was to the trial court, that certain criminal conduct may fairly be considered as falling somewhat short of the extreme end of the murder spectrum, but be at the most extreme end of the manslaughter spectrum, and deserving of the maximum punishment for that crime. In light of the fact that due process concerns the actual impact of resentencing on a defendant, not percentages, the defendant's foray into mathematical comparisons is inapposite.

The judgment is affirmed.

In this opinion the other justices concurred.