[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 11, 1991 Date of Application January 11, 1991 Date Application Filed January 11, 1991 Date of Decision April 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield. Docket No. 34,281.
Michael Fitzpatrick, Esq. Defense Counsel, for Petitioner
Gerard P. Eisenman, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION CT Page 5020
After trial by jury petitioner was convicted of manslaughter in the first degree in violation of General Statutes 53a-55(a)(1) and carrying a pistol without a permit in violation of General Statutes 29-35; 29-37b. A sentence of twenty years was imposed on the first count and a consecutive sentence of five years was imposed on the second count. The total effective sentence was twenty-five years.
The facts underlying petitioner's conviction indicate that on March 4, 1989, in the early morning hours, the victim and another person drove to a housing area in Bridgeport to purchase narcotics. A dispute arose between petitioner and another dealer as to who would make the sale. Because of this dispute the victim decided not to make the purchase and attempted to drive away whereupon petitioner shot the victim causing his death.
In arguing for a reduction in sentence, petitioner's attorney stated that his client received the maximum sentence allowed by law. He pointed out that petitioner was a young man with no prior criminal record and that the maximum should be reserved for more serious offenders. The attorney also stated that petitioner and society would be benefited if a portion of his sentence was suspended and petitioner placed on probation for a number of years. The attorney also argued that it was unfair for the sentencing judge to conclude that his client showed no remorse for the death of the victim.
Speaking on his own behalf, petitioner stated that he was raised in a violent neighborhood and unfortunately for him at the time of the offense he was hanging out with the wrong crowd. He stated that he does not favor violence and was sorry for the victim and his parents. Both the attorney and petitioner argued that the sentence was inappropriate and should be reduced.
The state's attorney argued that the sentence should not be reduced. He stated that it was wrong for the victim to attempt to purchase drugs, but he should not have been killed. The attorney went on to say that crimes of this CT Page 5021 nature involving wanton senseless killings were devastating the inner city. The attorney argued that the sentence imposed here was appropriate because it would have a deterrent effect on others in the community.
In imposing sentence the sentencing judge found that petitioner took a life in the most unnecessary of circumstances. The judge found that it was a casual killing. As the supreme court stated in State v. Carpenter, 220 Conn. 169,175 (1991) "[c]ertain criminal conduct may fairly be considered as falling somewhat short of the extreme end of the murder spectrum, but be at the most extreme end of the manslaughter spectrum and deserving of the maximum punishment for that crime." In imposing sentence the judge also remarked on the denunciatory aspect of the sentence and the need to send a clear message to the community that this type of criminal conduct would be severely dealt with.
Considering all of the factors set forth in Practice Book 942 it cannot be found that the sentence was inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill J., Klaczak, J. and Norko, J. participated in this decision.