[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury, Docket No. CR92-83764,
Michael K. Courtney, Esq., Defense Counsel, for Petitioner
Catherine Brannelly, Esq., Assistant State's Attorney, for the State
BY THE DIVISION:
After a plea of guilty, petitioner was convicted of manslaughter in the first degree in violation of General Statutes 53a-55(a)(2). A sentence of twenty years was imposed. The facts underlying petitioner's conviction indicate that he and the victim were living together. The victim was three months pregnant with petitioner's child. On December 1, 1992, the victim informed petitioner that she had made an appointment to have an abortion and that she was contemplating returning to her former husband. Petitioner then went into the kitchen and obtained a knife. He then stabbed the victim sixteen times. Wounds were inflicted to the wrist, arms and breast. A six-inch stab wound caused her death. At the time, petitioner informed the victim that if he could not have her no one else would.
Claiming that the sentence was excessive and inappropriate, petitioner's attorney requested that it be modified. He pointed out that the sentence was the maximum which could have been imposed and requested that it be reduced. The attorney pointed out that there was no evidence of prior battering or assaults against the victim. He argued that the petitioner was in love with the victim and the homicide resulted from acts committed under the influence of extreme emotional disturbance after being informed that the victim was about to abort his child and return to her former husband. In connection with petitioner's request for a reduction in sentence, his psychiatric examination report of July 14, 1993 CT Page 869 was reviewed.
The state's attorney argued against any reduction in sentence. She stated that the victim was a young girl who was about to graduate from technical school. She pointed out the vicious nature of the assault which resulted in the death of the victim and that petitioner had originally been charged with murder. At the time the charge was reduced to manslaughter, the State recommended a twenty year sentence.
Petitioner entered this country illegally, and prior to this offense had two previous criminal convictions. In imposing sentence here, the sentencing judge pointed out the horrific nature of the offense in that petitioner had taken the life of a young girl who was a beloved daughter and sister. The judge also commented on the type of wounds inflicted on the victim and that the first wound was inflicted to her back. The judge correctly pointed out that society was entitled to be protected from such criminal acts.
Petitioner's conduct in this homicide must be considered to be at the extreme end of the manslaughter spectrum and deserving of the maximum punishment for that crime. State v. Carpenter, 220 Conn. 169, 175 (1991). The sentence imposed here was not inappropriate or disproportionate in light of the offense, the character of the petitioner and the need to protect the public.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J., Norko, J. participated in this decision.