[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence September 28, 1990 Date of Application October 4, 1990 Date Application Filed October 4, 1990 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR7-109287.
Katrina Engstrom, Esq., Defense Counsel, for Petitioner.
Robert J. O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of the crime of murder in violation of General Statutes § 53a-54a and sentenced to a term of imprisonment of fifty years. The CT Page 10942 conviction was set aside by the Supreme Court and the case remanded to the trial court with direction to render a judgment of guilty of manslaughter in the first degree, and to sentence petitioner in accordance with that conviction. On remand the court, Quinn, J., rendered a judgment of guilty of manslaughter in the first degree and sentenced petitioner to a term of imprisonment of twenty years.
The facts underlying petitioner's conviction are set forth in State v. Carpenter, 214 Conn. 77, 79-81 (1990). The facts indicate that petitioner caused the death of an 18 month old child by throwing her into a bathtub. The evidence indicated that the child had bruised and swollen tissue around the lips and eyes, a fractured skull and five fractured ribs. Another unrelated head injury about six weeks prior to death had also been inflicted on the child.
Petitioner's attorney argued that the sentence was excessive and should be reduced. The attorney pointed out that petitioner had a minimal criminal record with no offenses involving violence. It was also pointed out that petitioner had been gainfully employed and that this offense was basically a, single tragic incident. Speaking on his own behalf, petitioner argued that the charge at trial should have been manslaughter and not murder. He reasoned that if manslaughter had been charged he may have been convicted of manslaughter in the second degree which would have resulted in a lesser sentence. He also stated that statistics indicated that seven to ten years was the average sentence for manslaughter in the first degree.
Petitioner also stated that he had no intent to injure the child and that under the circumstances the sentence should be reduced.
The state's attorney pointed out that the child received serious injuries as a result of petitioner's actions which resulted in death. Under the circumstances, the state's attorney argued that the sentence was appropriate.
The sentence imposed in this case was the subject of an appeal to the Supreme Court State v. Carpenter, 220 Conn. 169
(1991). The issue on this appeal was whether petitioner's right to due process was violated when he was resentenced on a lesser included offense after a successful appeal of the CT Page 10943 greater offense and received a sentence which, while thirty years less than his original sentence, was the maximum sentence allowed for the lesser offense, when he had received only 5/6 of the maximum sentence allowed for the greater offense. The Supreme Court upheld the sentence imposed and failed to find that petitioner's right of due process had been violated.
In discussing the sentence imposed, the Supreme Court stated, "it is clear to us, as it apparently was to the trial court, that certain criminal conduct may fairly be considered as falling somewhat short of the extreme end of the murder spectrum, but be at the most extreme end of the manslaughter spectrum and deserving of the maximum punishment for that crime." Id. 175.
The Supreme Court's evaluation of the sentence imposed here is most appropriate. It cannot be found that the sentence was inappropriate or disproportionate in light of the nature of the offense where serious injuries were inflicted upon an infant causing her death. The sentence should not be reduced. Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Stanley, J.
Purtill, J., Klaczak, J. and Stanley, J. participated in this decision.