STATE OF CONNECTICUT *v.* ERIC COHENS
(AC 19366)

Spear, Mihalakos and Freedman, Js.

Argued October 23, 2000—officially released March 20, 2001

*David V. DeRosa*, special public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Eugene Callahan*, state's attorney, and *Matthew Couloute, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Eric Cohens, appeals from the judgment of conviction following a trial to the jury. He was charged with two counts of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b)[1] and two counts of

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who . . . distributes, sells . . . transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years . . . ."

sale of narcotics by a person who is not drug-dependent within 1500 feet of a school in violation of General Statutes § 21a-278a (b).[2] At the close of the state's evidence, the trial court granted the defendant's motion for a judgment of acquittal on one count each of sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b) and sale of narcotics by a person who is not drug-dependent within 1500 feet of a school in violation of § 21a-278a (b). The jury found the defendant guilty of one count each of sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b) and sale of narcotics within 1500 feet of a school by a person who is not drug-dependent in violation of § 21a-278a (b).

On appeal, the defendant raises four claims. The defendant first claims that the court violated his due process rights as guaranteed by the fourteenth amendment to the United States constitution and by the constitution of Connecticut in failing to grant his motion for a judgment of acquittal as to the charges of which he was convicted because the evidence presented was insufficient to support a conviction under §§ 21a-278 and 21a-278a. The defendant next claims that the court violated his right to counsel under the sixth amendment to the United States constitution,[3] article first, § 8, of

---

[2] General Statutes § 21a-278a (b) provides in relevant part: "Any person who violates section . . . 21a-278 by . . . distributing, selling . . . dispensing . . . transporting with the intent to sell or dispense, possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school . . . shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section . . . 21a-278. To constitute a violation of this subsection, an act of transporting or possessing a controlled substance shall be with intent to sell or dispense in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school . . . ."

[3] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district

the constitution of Connecticut,[4] General Statutes § 51-296,[5] and Practice Book § 44-1[6] in that the court failed to obtain his waiver of his right to counsel and failed to canvass him in accordance with Practice Book § 44-3[7] to determine if he was making a knowing and intelligent

wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

[4] The constitution of Connecticut, article first, § 8, provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him . . . and in all prosecutions by indictment or information, to a speedy, public trial by an impartial jury. . . ."

[5] General Statutes § 51-296 provides in relevant part: "(a) In any criminal action . . . the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . .

"(c) Prior to a defendant's appearance in court in any matter specified in subsection (a) of this section, a public defender, assistant public defender or deputy assistant public defender, upon a determination that the defendant is indigent pursuant to subsection (a) of section 51-297, shall be authorized to represent the defendant until the court appoints counsel for such defendant."

[6] Practice Book § 44-1 provides in relevant part: "A person who is charged with an offense punishable by imprisonment . . . and who is unable to obtain counsel by reason of indigency shall be entitled to have counsel represent him or her unless:

"(1) The person waives such appointment pursuant to Section 44-3 . . . ."

[7] Practice Book § 44-3 provides: "A defendant shall be permitted to waive the right to counsel and shall be permitted to represent himself or herself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

waiver of his right to counsel. The defendant's third claim is that Practice Book § 44-5[8] does not serve the interest of justice in that it does not allow a defense attorney to assume a proactive role as standby counsel in a trial. The defendant's final claim is that the court abused its discretion when it submitted a transcript to the jury of the November 20, 1998 proceedings without redacting comments the court made to the defendant, outside the jury's presence, regarding his ability to represent himself.

We conclude that the evidence was sufficient to sustain the conviction, but we reverse the judgment because the defendant's right to counsel was violated. In view of the reversal, it is not necessary for us to address the defendant's other claims, as they are unlikely to arise in the new trial.

The jury reasonably could have found the following facts. On March 17, 1998, the Norwalk police department special services unit was investigating the sale of illegal narcotics at a grocery store that was a well known site of drug trafficking and was within 1500 feet of a school. Officer Peter White observed the defendant make a telephone call, walk into the grocery store and come out carrying a small bag. White then saw a man approach the defendant. The man spoke to the defendant and handed him some cash. In exchange, the defendant pulled a small item from his pocket and handed it to the man. The man then walked away. He was immediately arrested one block from the grocery store. A piece of crack cocaine was found clenched in the man's fist. The defendant also was arrested within one

---

[8] Practice Book § 44-5 provides: "If requested to do so by the defendant, the standby counsel shall advise the defendant as to legal procedural matters. If there is no objection by the defendant, such counsel may also call the judicial authority's attention to matters favorable to the defendant. Such counsel shall not interfere with the defendant's presentation of the case and may give advice only upon request."

block of the grocery store. One hundred forty-five dollars in cash was found on his person at the time of his arrest.

I

The defendant claims that the court violated his right to counsel under the sixth amendment to the United States constitution, article first, § 8, of the constitution of Connecticut, General Statutes § 51-296 and Practice Book § 44-1 by ordering him to represent himself, failing to obtain a waiver of his right to counsel and, in the alternative, by failing to canvass him to determine if he was making a knowing and intelligent waiver of his right to counsel in accordance with Practice Book § 44-3. We agree.

Because the defendant concedes that his claim is unpreserved, he asks for review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The first two steps in the *Golding* analysis address the reviewability of the claim, whereas the last two steps address the merits of the claim. *State* v. *Hafford*, 252 Conn. 274, 305, 746 A.2d 150, cert. denied, 531 U.S. 855, 121 S. Ct. 136, 148 L. Ed. 2d 89 (2000). With regard to the first condition of *Golding*, we conclude that the record is adequate for review. We next turn to the second condition of *Golding*, that is, whether the defendant's claim is of constitutional magnitude alleging the violation of a fundamental right. We conclude that it is a claim of constitutional magnitude. See *Gideon* v. *Wainwright*, 372 U.S. 335, 342–43, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State* v. *Piorkowski*, 243 Conn. 205, 214–15, 700 A.2d 1146 (1997).

The following facts are relevant to the consideration of the defendant's second claim. On October 21, 1998, the defendant appeared before the court, *Dean, J.*, for scheduling. The defendant was represented by special public defender Stephen M. Feinstein. Feinstein

informed the court that the defendant would not discuss plea negotiations with him. Also, the defendant informed the court that Feinstein was not representing him correctly. The court then stated, "I'll tell you what we're going to do, set it down for a trial date, and you appear with him and sit next to him, and you can try your own case, but you will have a lawyer next to you." The court then appointed Feinstein to serve as standby counsel for the defendant. The court explained Feinstein's function to the defendant, stating, "You're going to have a lawyer sitting next to you in the trial. And if you want to talk to him, you can talk. If you don't want to talk, you don't have to, that's the way it's going to be."

Jury selection began on November 17, 1998, before the court, *Rodriguez, J.,* Feinstein informed the court that the defendant would be representing himself and that he, Feinstein, would serve as standby attorney. The court expressed concern about the defendant's self-representation and asked the defendant if he would like to hire a private attorney. The defendant stated that he wanted a different public defender to be appointed to his case because he did not believe that Feinstein was doing a good job. The court told the defendant that he had not offered a reason that would entitle him to new appointed counsel. Jury selection proceeded with the defendant representing himself.

The court began the second day of jury selection by canvassing the defendant and stating, "I know all people are not the same, and I am not saying that you can't represent yourself, Mr. Cohens. I have to have this discussion with you because I have to make certain findings because I don't know if certain findings were made before when you were in front of another judge. I want to be comfortable with this because I don't agree with your decision to represent yourself." After questioning the defendant regarding his background and under-

standing of the charges against him, the court allowed him to continue representing himself.

Practice Book § 44-3 sets forth the requirements surrounding a criminal defendant's waiver of the assistance of counsel at trial. The presiding judge first must make a thorough inquiry of the defendant and must be satisfied that the defendant (1) was clearly advised of his right to the assistance of counsel, (2) has the intelligence and capacity necessary to understand the consequences of his decision to represent himself, (3) understands the nature of the charges against him, the court proceedings, the range of possible punishments to which he will be subjected and any further facts necessary to a broad understanding of the case, and (4) has been apprised of the dangers and disadvantages of representing himself.

In this case, the appropriate time for a trial judge to have ascertained all of the aforementioned factors and obtained the defendant's waiver of his right to the assistance of counsel was during the defendant's pretrial court appearance before Judge Dean. The state did not present any evidence that Judge Dean either canvassed the defendant or obtained a knowing waiver from him, and Judge Rodriguez did not canvass the defendant until the second day of jury selection. As a result of the actions of the court, *Dean, J.*, the defendant was deprived of counsel who could have prepared for trial. The defendant also was deprived of counsel at a critical stage of the proceedings—the selection of the jury. See *State* v. *Gethers*, 197 Conn. 369, 375–76, 497 A.2d 408 (1985). That deprivation of counsel created a structural defect in the trial proceedings and mandates reversal of the judgment of conviction. See *State* v. *Anderson*, 255 Conn. 425, 445, 773 A.2d 287 (2001).

The sixth amendment to the United States constitution provides in relevant part that "[i]n all criminal

prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for his defense." "Article first, § 8, of the constitution of Connecticut, which is textually similar to the sixth amendment to the federal constitution, provides in relevant part that '[i]n all criminal prosecutions, the accused shall have [a] right to be heard by himself and by counsel . . . .' " *State* v. *Piorkowski*, supra, 243 Conn. 215. "This state has had a long history of recognizing the significance of the right to counsel, even before that right attained federal constitutional importance." *State* v. *Stoddard*, 206 Conn. 157, 164, 537 A.2d 446 (1988).

The United States Supreme Court has definitively held that "due process requires that the accused have the assistance of counsel for his defense . . . ." (Internal quotation marks omitted.) *Argersinger* v. *Hamlin*, 407 U.S. 25, 28, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972). "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." (Internal quotation marks omitted.) Id., 31.

The pretrial court here in effect forced the defendant to proceed to trial pro se. The defendant appeared before the court, *Dean, J.*, for pretrial scheduling and requested that a different public defender be assigned to his case. In response, the court told the defendant that he would be representing himself and that Feinstein would serve in the limited capacity of standby counsel. At no time did Judge Dean inform the defendant of his right to counsel.

We conclude that the defendant was not timely canvassed and that a timely waiver of his right to the assistance of counsel was not obtained. We further conclude that the defendant's right to counsel as guaranteed by the sixth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut was violated.

## II

The defendant also claims that the court violated his due process rights as guaranteed under the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut by failing to grant his motion for a judgment of acquittal as to the charges of which he was convicted because the evidence presented was insufficient to support that conviction under §§ 21a-278 and 21a-278a. We disagree.

"In reviewing [a] sufficiency [of the evidence] claim, we apply a [two part] test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 126, 646 A.2d 169 (1994). "In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct." (Internal quotation marks omitted.) *State* v. *Carpenter*, 214 Conn. 77, 570 A.2d 203 (1990), on appeal after remand, 220 Conn. 169, 595 A.2d 881 (1991), cert. denied, 502 U.S. 1034, 112 S. Ct. 877, 116 L. Ed. 2d 781 (1992). "The scope of our factual inquiry on appeal is limited. This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Brown*, 235 Conn. 502, 510, 668 A.2d 1288 (1995). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original; internal quotation marks omitted.) Id. "[I]n viewing evidence which could yield contrary inferences, the jury

is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) Id., 510–11.

Applying those long established guidelines to the case at hand, we conclude that the evidence presented by the prosecution could have persuaded the jury, beyond a reasonable doubt, that the defendant had committed the crimes of selling narcotics, as a person who was not drug-dependent, and of selling narcotics, as a person who was not drug-dependent, within 1500 feet of a school. At trial, the state demonstrated that the defendant had engaged in two transactions at a location that was well known for illegal drug activity and was within 1500 feet of a school. White, a police officer, observed the defendant deliver a small object to a man and receive money in return. When the man was apprehended, he had a piece of crack cocaine clenched in one hand. The jury reasonably could have inferred from that evidence that the defendant sold a piece of crack cocaine to the man within 1500 feet of a school.

On the basis of the evidence and the inferences that reasonably could be drawn therefrom, the jury could have concluded beyond a reasonable doubt that the defendant, who was not drug-dependent, had sold narcotics within 1500 feet of a school. Because that evidence was sufficient to support the jury's verdict of guilty as to both charges, we do not disturb the court's judgment on the ground of evidentiary insufficiency.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.