STATE OF CONNECTICUT *v.* MICHAEL A. MUSSINGTON
(AC 24342)

Dranginis, McLachlan and Stoughton, Js.

Argued November 15, 2004—officially released January 25, 2005

*William B. Westcott,* special public defender, for the appellant (defendant).

*Sarah Hanna,* special deputy assistant state's attorney, with whom, on the brief, were *Kevin T. Kane,* state's attorney, and *Stephen M. Carney,* senior assistant state's attorney, for the appellee (state).

*Opinion*

STOUGHTON, J. The defendant, Michael A. Mussington, appeals from the judgment of conviction, rendered after a jury trial, of assault of an employee of the department of correction in violation of General Statutes § 53a-167c (a) and assault in the second degree in violation of General Statutes § 53a-60 (a) (1). The jury acquitted him of two other charges. He has raised as the sole issue in his appeal the claim that the trial court's charge

to the jury on reasonable doubt diluted the state's burden of proof in violation of the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut. We affirm the judgment of the trial court.

The jury reasonably could have found from the evidence that on January 10, 2001, the defendant was incarcerated at the Corrigan-Radgowski correctional institution. During an altercation involving another inmate and personnel of the department of correction, and while intending to prevent a correctional officer from performing his duties, the defendant assaulted and injured the correctional officer, who was then in the performance of his duties. The jury also reasonably could have found that the defendant assaulted the same correctional officer, intending to cause him serious physical injury and that the defendant did cause him serious physical injury.

During its charge, the court instructed the jury at some length on the concept of reasonable doubt. The court charged the jury as follows: "Now, the state can sustain the burden of proof resting on it only if the evidence before you establishes the existence of every element of the crimes charged beyond a reasonable doubt. So, what [does] this mean, proof beyond a reasonable doubt? The phrase reasonable doubt has no technical or unusual meaning. You can arrive at the real meaning of it by emphasizing the word reasonable. A reasonable doubt means a doubt based on reason and common sense. It is a doubt which is something more than a guess or surmise. It is not a conjecture or a fanciful doubt, or a doubt raised by one who questions simply for the sake of argument. It is not hesitation springing from feelings of sympathy or pity for the accused or members of his family or other persons who might in any way be affected by your verdict. A reasonable doubt, in other words, is a real doubt, an

honest doubt, a doubt which has its foundation in the evidence or lack of evidence. It is one for which you can, in your own mind, conscientiously give a reason.

"Reasonable doubt is the kind of doubt upon which reasonable persons like yourselves, in the more serious and important affairs in your own lives, would hesitate to act. Now, of course, absolute certainty in the affairs of life is almost never attainable, and the law does not require absolute certainty on the part of the jury before you return a verdict of guilty. The state does not have to prove guilt beyond all doubt, or to a mathematical or absolute certainty. What the law does require, however, is that after hearing all the evidence, if there is something in that evidence or lack of evidence which leaves in the minds of the jury, as reasonable men and women, a reasonable doubt about the guilt of the accused, then the accused must be given the benefit of that doubt and acquitted.

"Proof beyond a reasonable doubt is proof which precludes every reasonable hypothesis except guilt, is consistent with guilt and is inconsistent with any other reasonable conclusion. You must, however, distinguish between a reasonable hypothesis and a possible hypothesis. Proof of guilt must exclude every reasonable supposition of innocence; a mere possible hypothesis of innocence will not suffice. However, if you can, in reason, reconcile all of the facts proved with any reasonable theory consistent with the innocence of the accused, then you cannot find him guilty. On the other hand, if you find that the proven facts do establish the guilt of the accused beyond a reasonable doubt, then the proper verdict would be guilty."

The language of which the defendant complains occurred near the end of the instruction on reasonable doubt and is as follows: "You must, however, distinguish between a reasonable hypothesis and a possible

hypothesis. Proof of guilt must exclude every reasonable supposition of innocence; a mere possible hypothesis of innocence will not suffice. However, if you can, in reason, reconcile all of the facts proved with any reasonable theory consistent with the innocence of the accused, then you cannot find him guilty." The defendant argues in his brief that "this language unconstitutionally suggested that it [was] for the jury to evaluate the evidence in an attempt to prove a theory of innocence rather than [to decide] whether the state has carried its burden to prove guilt beyond a reasonable doubt."

In addition to the charge, the court instructed the panel prior to jury selection on the presumption of innocence and stated that the burden of proof was on the state, that there was no burden on the defendant to prove himself innocent and that the state had the burden to prove him guilty beyond a reasonable doubt. After the jury had been selected and sworn, the court again instructed the jury on the presumption of innocence and on the burden on the state to prove guilt beyond a reasonable doubt. During its charge to the jury, the court explained that the defendant is presumed innocent until proven guilty beyond a reasonable doubt, that the burden of proof was on the state and that the defendant did not have to prove his innocence. As the court explained the elements of the charged offenses, it reiterated that each of those elements had to be proven by the state beyond a reasonable doubt. In response to requests from the jury after deliberations had begun, the court ordered that testimony of certain witnesses be replayed, and it instructed the jury again on reasonable doubt in the language it used previously during its charge.

Reasonable doubt is a concept easily comprehended but difficult to define. That this is so is manifested by the numerous appeals engendered over the years by

the definitions, clarifications and amplifications of the phrase, which various courts have attempted. Each apparently slight deviation from language that previously has been approved seems to spawn a new appeal. In the light of our established standard of review, however, the claim that a phrase taken in isolation dilutes the state's burden of proof or casts some burden of proof on the defendant usually must fail. Our Supreme Court has pointed out frequently that when a jury instruction is challenged, the charge "is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding [it] to a correct verdict in the case." (Citation omitted; internal quotation marks omitted.) *State* v. *Davis*, 255 Conn. 782, 798, 772 A.2d 559 (2001). When read as a whole, the charge here made abundantly clear to the jury that the defendant did not have to prove his innocence and that the burden rested on the state throughout the trial to prove guilt beyond a reasonable doubt.

The defendant did not file a request to charge on reasonable doubt, nor did he except to the charge on reasonable doubt as given.[1] Because he did not preserve his claim, he has requested review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). In *Golding*, our Supreme Court held "that a defendant can prevail on a claim of constitutional error not preserved at trial

[1] Practice Book § 42-16 provides in relevant part that "[a]n appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. . . ."

only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) Id., 239–40. Although the defendant claims violations of both the federal and state constitutions, he has offered no separate analysis for his state constitutional claim and, therefore, we deem it abandoned. See *State* v. *Sinvil*, 270 Conn. 516, 518 n.1, 853 A.2d 105 (2004).

The defendant asserts that the language of which he complains misstates the law in that it instructs the jury to consider whether the evidence supports hypotheses of innocence and suggests that he may carry a burden of proving a theory of innocence. Acknowledging the fact that this court expressly has approved the language of which he complains, the defendant asserts nonetheless that it runs afoul of the principles of *State* v. *Carpenter*, 214 Conn. 77, 570 A.2d 203 (1990), on appeal after remand, 220 Conn. 169, 595 A.2d 881 (1991), cert. denied, 502 U.S. 1034, 112 S. Ct. 877, 116 L. Ed. 2d 781 (1992), which states that "any conclusion, reasonably to be drawn from the evidence, which is consistent with the innocence of the accused must prevail." (Internal quotation marks omitted.) Id., 84. We disagree with that assertion. Moreover, the court's instructions on reasonable doubt have been given in the same or similar language in numerous cases and have been approved.

See, e.g., *State* v. *Lemoine*, 256 Conn. 193, 205, 770 A.2d 491 (2001) (rejecting constitutional challenge to instruction that "[i]f you can in reason reconcile all of the facts proven with any reasonable theory consistent with the innocence of the accused, then you cannot find him guilty" [internal quotation marks omitted]); *State* v. *Griffin*, 253 Conn. 195, 210 n.18, 749 A.2d 1192 (2000) (stating that instruction, "[i]f you can, in reason, reconcile all of the facts proved with any reasonable theory consistent with the innocence of the accused, then you cannot find him guilty," logically follows instruction that "[p]roof beyond a reasonable doubt is proof that precludes every reasonable hypothesis except guilt and is inconsistent with any other rational conclusion" [internal quotation marks omitted]). Because the challenged part of the charge has been approved on several occasions and the court's instructions on reasonable doubt, considered in their entirety, were not improper, the defendant has failed to establish that a constitutional violation clearly existed and clearly deprived him of a fair trial. The defendant has not satisfied the third prong of *State* v. *Golding*, supra, 213 Conn. 240.

The judgment is affirmed.

In this opinion the other judges concurred.