RICHARD T. CARPENTER, JR. *v.* COMMISSIONER
OF CORRECTION
(AC 23488)

West, DiPentima and Mihalakos, Js.

Argued October 21, 2003—officially released January 27, 2004

*Cynthia M. Barlow*, deputy assistant public defender, with whom, on the brief, was *Temmy Ann Pieszak*, chief of habeas corpus services of the office of chief public defender, for the appellant (petitioner).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

MIHALAKOS, J. The petitioner, Richard T. Carpenter, Jr., appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that (1) the dismissal violated his right to a hearing under General Statutes § 52-470[1] and *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 644 A.2d 340 (1994), (2) the dismissal without oral argument violated Practice Book § 23-40[2] (a) and General Statutes § 52-470 (a), (3) the procedure followed by the habeas court deprived him of due process of law, and (4) even if the habeas court had provided appropriate notice and the opportunity to be heard, the dismissal was rendered in violation of the law and the case must be returned to the habeas docket. We agree with the petitioner's arguments under *Mercer* and reverse the judgment of the habeas court.

[1] General Statutes § 52-470 (a) provides: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require."

[2] Practice Book § 23-40 (a) provides: "The petitioner and, if they are not the same, the subject of the petition, shall have the right to be present at any evidentiary hearing and at any hearing or oral argument on a question of law which may be dispositive of the case, unless the petitioner, or the subject of the petition, as the case may be, waives such right or is excused by the judicial authority for good cause shown. If the petitioner is represented by counsel, the judicial authority may, but is nor required to, permit the petitioner to be present at any other proceeding."

Accordingly, we need not reach the petitioner's remaining claims.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. The petitioner was convicted of murder in violation of General Statutes § 53a-54a on December 8, 1988, and sentenced to serve a term of fifty years incarceration. On appeal, our Supreme Court on February 7, 1990, determined that there was insufficient evidence to prove an intent to kill, which is necessary for a conviction of murder. *State* v. *Carpenter*, 214 Conn. 77, 570 A.2d 203 (1990), on appeal after remand, 220 Conn. 169, 595 A.2d 881 (1991), cert. denied, 502 U.S. 1034, 112 S. Ct. 877, 116 L. Ed. 2d 781 (1992). Our Supreme Court remanded the case to the trial court with direction to modify the judgment to a conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a). Id., 87. Accordingly, the petitioner was convicted of manslaughter and sentenced to a term of twenty years incarceration. In 1990, the petitioner brought a petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel. On July 14, 1992, the habeas court denied the petition and denied certification to appeal. See *Carpenter* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV901064S (July 24, 1992). The petitioner then brought a writ of error to our Supreme Court, which was dismissed on March 18, 1994. *Carpenter* v. *Meachum*, 229 Conn. 193, 640 A.2d 591 (1994).

The petitioner alleged in his current habeas petition that the "jury never considered the mental state element of recklessness necessary to prove manslaughter in the first degree [under §] 53a-55 (a) (3) of which he stands convicted."[3] He therefore claims that his conviction was

[3] The trial court instructed the jury in relevant part as follows: "If you decide that the state has proven the accused guilty of murder beyond a reasonable doubt, that will end your deliberations. If you make a determination that the state has not proven him guilty of murder beyond a reasonable

unlawful for three reasons. He contends that the jury never considered the mental state element of recklessness necessary to prove manslaughter, our Supreme Court is without authority to direct a conviction on an offense never considered by the jury, and the manslaughter conviction deprived him of due process under the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut.

The habeas court dismissed the petition on two separate grounds. The court concluded that it was without authority to review the petition because it called for a review of our Supreme Court's remand of the case to the Superior Court with direction to modify the judgment to a conviction of manslaughter. The court therefore decided that "the amended petition fail[ed] to both invoke this court's jurisdiction and to state a claim upon which habeas corpus relief can be granted." This appeal followed. Additional facts will be set forth as necessary.

I

The petitioner first claims that he had a right to an evidentiary hearing under *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 88, and § 52-470. We agree.

---

doubt, you would then consider . . . lesser included offenses to the charge of murder."

General Statutes § 53a-55 (a) provides: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) *under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.*" (Emphasis added.)

A

We first set out the relevant background of *Mercer,* in which our Supreme Court addressed "the propriety of dismissing a petition for a writ of habeas corpus without affording the petitioner an opportunity to present evidence in support of his claims for relief." *Mercer* v. *Commissioner of Correction,* supra, 230 Conn. 89. The defendant in *Mercer* was convicted of felony murder in violation of General Statutes § 53a-54c. *Mercer* v. *Commissioner of Correction,* supra, 89–90. He was suffering from AIDS at the time of his criminal trial. Id., 90. The trial court held a hearing "to determine whether [the defendant's] presence in the courtroom posed a risk of contagion to other persons, in particular the jurors." Id., 90–91. Upon being sworn in, each juror was apprised of the defendant's condition and assured that his presence posed no risk of infection. Id., 91.

The defendant appealed from the conviction, arguing, "on constitutional grounds, the propriety of the trial court's conduct of the voir dire . . . ." (Citation omitted.) Id. Our Supreme Court ruled that the defendant had not established a violation of his constitutional right to a fair trial because the record did not establish that the jurors were biased against him due to his medical condition. Id. The defendant then filed a petition for a writ of habeas corpus. In his amended petition, he argued that his conviction should be set aside due to ineffective assistance of counsel during both his trial and direct appeal. Id., 92. Specifically, he claimed that his "right to a fair trial was prejudiced because trial counsel improperly failed to object to the voir dire procedure and because both trial and appellate counsel improperly failed to challenge the initial hearing inquiring into the consequences of his suffering from AIDS."

Id. The habeas court dismissed the petition without holding an evidentiary hearing, and this court affirmed the judgment of the habeas court. Id. Both courts concluded that our Supreme Court's decision on the direct appeal "had conclusively determined that he had been afforded a fair trial and that any default by [his] trial or appellate counsel could not, therefore, have prejudiced his case." Id.

Our Supreme Court reversed this court's judgment, holding that "we assumed on direct appeal that counsel's decisions had been informed choices, and we specifically inferred from those decisions that, at the time of trial, [the defendant] believed the trial procedures to be fair. . . . Thus . . . there may never have been a proper determination of [whether there was error] in the first . . . proceeding because of the allegedly incompetent . . . counsel." (Citations omitted; internal quotation marks omitted.) Id., 94.

B

Having provided the relevant background, we now turn to the merits of the petitioner's claim. The petitioner argues that the habeas court was required under *Mercer* to hold an evidentiary hearing on his claims. Specifically, he argues that the court could not properly have resolved any factual conflicts to dismiss the petition without an evidentiary hearing. We agree.

The court in *Mercer* articulated one exception to the requirement to hold an evidentiary hearing pursuant to Practice Book § 531.[4] "In our case law, we have

---

[4] Practice Book § 531, entitled "Previous Application; Dismissal," was repealed as of October 1, 1995. At the time of its repeal, it provided: "If the petitioner has filed a previous application, it and the action taken thereon shall be summarily described in the pending application. If a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing."

The current rule of practice regarding the dismissal of habeas petitions is Practice Book § 23-29. Practice Book § 529H replaced the repealed Practice

recognized only one situation in which a court is not legally required to hear a habeas petition. . . . [P]ursuant to Practice Book § 531, [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." (Citation omitted; internal quotation marks omitted.) *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 93.

The habeas court dismissed the petitioner's current habeas petition, holding that it was without authority to review the petition because it called for the court to review our Supreme Court's remand of the case to the Superior Court with direction to modify the judgment to reflect a conviction of manslaughter. The habeas court therefore concluded that "the amended petition fails both to invoke this court's jurisdiction and to state a claim upon which relief can be granted."

The respondent commissioner of correction contends that the habeas court was correct in concluding that it had "no authority to review the Supreme Court's decision . . . ." The respondent further argues that an evidentiary hearing was unnecessary because the court was not faced with any disputed issues of fact regarding its authority. The respondent is correct in that the

Book § 531 in 1995 and, according to its accompanying commentary, provided additional grounds for dismissal. Section 23-29 replaced § 529H in 1997 and provides the same grounds for dismissal as its predecessor.

Section 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

habeas court did not have authority to review the petitioner's claims insofar as they called for the habeas court to review the decision of our Supreme Court. See *State* v. *Potts,* 55 Conn. App. 469, 474, 739 A.2d 1280, cert. denied, 252 Conn. 905, 743 A.2d 616 (1999). The respondent is also correct in that an evidentiary hearing is unnecessary when there are no disputed issues of fact. *Amore* v. *Frankel,* 228 Conn. 358, 369, 636 A.2d 786 (1994).

Inherent in the petition, however, was a claim of ineffective assistance of counsel. "Although ordinarily a complainant may prevail only upon the grounds that he has alleged . . . we have examined allegations that are necessarily implied, even though not expressly set forth, in a complaint." (Citations omitted.) *Paulsen* v. *Manson,* 203 Conn. 484, 492–93, 525 A.2d 1315 (1987). Although those paragraphs that expressly establish the petitioner's aggrievement do not specifically mention ineffective assistance of counsel, such an allegation is necessarily implied from the remaining portions of the petition. See *Connecticut State Medical Society* v. *Board of Examiners in Podiatry,* 203 Conn. 295, 303, 524 A.2d 636 (1987). In any event, the petitioner, in his memorandum of law in opposition to the motion to dismiss, expressly contended that "trial counsel's failure to appeal or protect the petitioner's right to appeal a conviction on an offense never considered by the petitioner's jury fell below the range of competence displayed by lawyers with ordinary training and skill in the criminal law." The question of ineffective assistance of counsel is therefore clearly at issue in the petition.

C

The final step in our analysis is the determination of whether, under Practice Book § 23-29 (3), the current petition was premised on the same grounds as the pre-

viously denied petition. If so, the petition would fall into the narrow exception articulated in *Negron* v. *Warden*, 180 Conn. 153, 429 A.2d 841 (1980), and *Mercer*, rendering correct the habeas court's dismissal of the amended petition. "If the second application failed to raise a different legal ground, the trial court would not have erred in denying a hearing pursuant to Practice Book, 1978, § 531 [now § 23-29]." *Negron* v. *Warden*, supra, 160; see also *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 93. "[I]n this context 'ground' must mean a 'sufficient legal basis for granting the relief sought.' " *Negron* v. *Warden*, supra, 158.

The petitioner's first petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel, was brought in 1990. Specifically, he contended that his trial counsel was ineffective in that "(a) he failed to conduct a proper pre-trial investigation; (b) he failed to seek by motion the disclosure of records in the possession of other state agencies which would have substantially aided his defense; and (c) he failed to request jury instructions on lesser included offenses." *Carpenter* v. *Warden*, supra, Superior Court, Docket No. CV901064S. The habeas court denied the petition and denied certification to appeal. Id. Thereafter, our Supreme Court dismissed the writ of error on March 18, 1994. *Carpenter* v. *Meachum*, supra, 229 Conn. 193.

We have already concluded that the petitioner's current habeas petition contains an implied claim of ineffective assistance of counsel. An examination and comparison of the petitions reveal that they are based on different legal grounds even though both petitions allege ineffective assistance of counsel. The ineffective assistance of counsel claim made in the current petition is premised on trial counsel's failure to appeal or to protect the petitioner's right to appeal from his manslaughter conviction, an offense never considered by

the jury. That constitutes a legal ground different from that alleged in the first petition.

On the basis of our examination of *Mercer* and the relevant case law and on a comparison of the petitioner's first and second petitions, we conclude that the habeas court improperly failed to hold an evidentiary hearing on the petitioner's claims before granting the respondent's motion to dismiss. In light of that conclusion, we need not address the petitioner's arguments under both General Statutes § 52-470 and Practice Book § 23-40.[5] We therefore remand the case to the habeas court for an evidentiary hearing on the petitioner's claims.

## II

The petitioner also asserts that the procedure followed by the habeas court deprived him of due process of law and, in the alternative, that the dismissal was rendered in violation of the law and that the case must be returned to the habeas docket. Having concluded that the petitioner is entitled to an evidentiary hearing on remand, we need not address those issues because they are unlikely to recur on remand. See *State* v. *Bryan*, 34 Conn. App. 317, 327, 641 A.2d 443 (1994). We also decline to review the claims due to the "recognized policy of self-restraint and the basic judicial duty to eschew unnecessary determinations of constitutional questions." *Negron* v. *Warden*, supra, 180 Conn. 166–67.

The judgment is reversed and the case is remanded for an evidentiary hearing consistent with this opinion.

In this opinion the other judges concurred.

---

[5] We note, however, that our Supreme Court has stated that § 52-470 "serves . . . only to delineate the proper scope of a hearing if one is legally required." *Negron* v. *Warden*, supra, 180 Conn. 157–58 n.2. Section 52-470 does not, therefore, mandate that the court hold an evidentiary hearing, as the petitioner claims.