RICHARD T. CARPENTER, JR. *v.* COMMISSIONER
OF CORRECTION
(SC 17155)

Sullivan, C. J., and Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued February 15—officially released August 9, 2005

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda Howe*, senior assistant state's attorney, for the appellant (respondent).

*Cynthia Barlow*, assistant public defender, for the appellee (petitioner).

*Opinion*

SULLIVAN, C. J. The sole issue in this certified appeal is whether the Appellate Court properly concluded that the petitioner, Richard T. Carpenter, Jr., was entitled to an evidentiary hearing on his petition for a writ of habeas corpus. See *Carpenter* v. *Commissioner of Correction*, 268 Conn. 917, 847 A.2d 310 (2004). The respon-

dent, the commissioner of correction (commissioner), Theresa C. Lantz, appeals from the judgment of the Appellate Court reversing the habeas court's dismissal of the petition and remanding the case for an evidentiary hearing. *Carpenter* v. *Commissioner of Correction*, 81 Conn. App. 203, 212, 840 A.2d 1 (2004).

The opinion of the Appellate Court sets forth the following facts and procedural history. "The petitioner was convicted of murder in violation of General Statutes § 53a-54a on December 8, 1988, and sentenced to serve a term of fifty years incarceration. On appeal, our Supreme Court on February 7, 1990, determined that there was insufficient evidence to prove an intent to kill, which is necessary for a conviction of murder. *State* v. *Carpenter*, 214 Conn. 77, 570 A.2d 203 (1990), on appeal after remand, 220 Conn. 169, 595 A.2d 881 (1991), cert. denied, 502 U.S. 1034, 112 S. Ct. 877, 116 L. Ed. 2d 781 (1992). Our Supreme Court remanded the case to the trial court with direction to modify the judgment to a conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a). Id., 87. Accordingly, the petitioner was convicted of manslaughter and sentenced to a term of twenty years incarceration. In 1990, the petitioner brought a petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel. On July 14, 1992, the habeas court denied the petition and denied certification to appeal. See *Carpenter* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV901064S (July 24, 1992). The petitioner then brought a writ of error to our Supreme Court, which was dismissed on March 18, 1994. *Carpenter* v. *Meachum*, 229 Conn. 193, 640 A.2d 591 (1994)." *Carpenter* v. *Commissioner of Correction*, supra, 81 Conn. App. 205.

On February 14, 2000, the petitioner filed an amended petition for a writ of habeas corpus in which he alleged that the " 'jury never considered the mental state ele-

ment of recklessness necessary to prove manslaughter in the first degree [under §] 53a-55 (a) (3) of which he stands convicted.' He therefore claim[ed] that his conviction was unlawful for three reasons. He contend[ed] that the jury never considered the mental state element of recklessness necessary to prove manslaughter, our Supreme Court is without authority to direct a conviction on an offense never considered by the jury, and the manslaughter conviction deprived him of due process under the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut." Id., 205–206.

The commissioner filed a return pursuant to Practice Book § 23-30[1] in which she claimed that the petitioner did not state a claim upon which the petition could be granted because the habeas court had no authority to reverse this court's decision in *State* v. *Carpenter*, supra, 214 Conn. 77. In support of that argument, the commissioner cited this court's decision in *Summerville* v. *Warden*, 229 Conn. 397, 419, 641 A.2d 1356 (1994), in which we stated that a habeas proceeding was not designed to relitigate issues already decided on appeal. The commissioner also argued that the petitioner was procedurally defaulted from bringing the claims alleged in the petition because, even if the claims had not been litigated in *State* v. *Carpenter*, supra, 77, the petitioner had not shown cause and prejudice as to why they had not been raised on direct appeal. When the commissioner filed the return, she also filed a motion to dismiss the petition, in which she made the same claims.

---

[1] Practice Book § 23-30 provides: "(a) The respondent shall file a return to the petition setting forth the facts claimed to justify the detention and attaching any commitment order upon which custody is based.

"(b) The return shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default, abuse of the writ, or any other claim that the petitioner is not entitled to relief."

The petitioner then filed an objection to the motion to dismiss in which he stated that he would "supplement this objection with a Memorandum of Law when the Reply to [the commissioner's] . . . Motion to Dismiss is filed." At a June 27, 2002 pretrial conference ordered by the habeas court, the petitioner filed his reply pursuant to Practice Book § 23-31.[2] He alleged in the reply that the issues raised in the petition had not been litigated in *State* v. *Carpenter*, supra, 214 Conn. 77, but resulted from that opinion. He also alleged that his appellate counsel's[3] "failure to appeal or protect the petitioner's right to appeal [from] a conviction on an offense never considered by the petitioner's jury fell below the range of competence displayed by lawyers with ordinary training and skill in the criminal law." During the pretrial conference, the parties and the habeas court agreed upon a trial date of September 12, 2002.

On August 7, 2002, however, the habeas court rendered its memorandum of decision granting the motion to dismiss. The court stated that "[w]hile the petitioner attempts to rebut the procedural default defense by claiming that counsel rendered ineffective assistance, the [commissioner's] motion to dismiss is premised upon the amended petition's failure to allege ineffective assistance of counsel *and* the amended petition's claim of error by the Supreme Court. The petitioner acknowledges that the issues raised in the amended petition

---

[2] Practice Book § 23-31 provides: "(a) If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply.

"(b) The reply shall admit or deny any allegations that the petitioner is not entitled to relief.

"(c) The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition."

[3] The petition identifies the petitioner's "trial counsel" as John R. Williams. At oral argument before this court, counsel for the petitioner clarified that Williams was the petitioner's appellate counsel. We believe that this was clear from the context of the petition.

were not decided on the initial direct appeal because they resulted from the decision of the Supreme Court in *State* v. *Carpenter,* [supra, 214 Conn. 77]. The petitioner's appeal from the murder conviction, an appeal which sought to have the Supreme Court vacate the murder conviction and instead find the petitioner culpable of manslaughter in the first degree, resulted in the petitioner's conviction for manslaughter in the first degree in accordance with the Supreme Court's order." (Emphasis in original; internal quotation marks omitted.) The habeas court concluded that it had "no authority to review the Supreme Court's decision . . . . Consequently, the amended petition fails both to invoke this court's jurisdiction and to state a claim upon which habeas corpus relief can be granted." Accordingly, it rendered judgment of dismissal.

On appeal to the Appellate Court, the petitioner claimed that he was entitled to a hearing under this court's decision in *Mercer* v. *Commissioner of Correction,* 230 Conn. 88, 644 A.2d 340 (1994), in which we stated that "[i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. . . . [P]ursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." (Internal quotation marks omitted.) *Carpenter* v. *Commissioner of Correction,* supra, 81 Conn. App. 209, quoting *Mercer* v. *Commissioner of Correction,* supra, 93. The commissioner countered that an evidentiary hearing was not required because the habeas court had no authority to review this court's decision in *State* v. *Carpenter,* supra, 214 Conn. 77, and because the court was not faced with any disputed issues of fact regarding its authority. *Carpenter* v. *Commissioner of Correction,* supra, 209.

The Appellate Court agreed with the commissioner that the habeas court could not review this court's decision; id.; but also concluded that the petitioner was entitled to an evidentiary hearing under *Mercer* because the petition implicitly had raised a claim of ineffective assistance of counsel, which was premised on legal grounds that had not been raised in the first petition. Id., 210–12. Accordingly, the Appellate Court reversed the judgment of the habeas court dismissing the petition and remanded the case to the habeas court for an evidentiary hearing. Id., 212. Thereafter, this court granted the commissioner's petition for certification to appeal limited to the following question: "Did the Appellate Court properly conclude that the petitioner was entitled to an evidentiary hearing on his petition for habeas corpus?" *Carpenter* v. *Commissioner of Correction*, supra, 268 Conn. 917. This appeal followed.

The commissioner makes several arguments in support of her claim that the petitioner is not entitled to an evidentiary hearing. First, she argues that the Appellate Court's reliance on *Mercer* was misplaced because *Mercer* was decided before the Practice Book was revised to allow for the summary dismissal of a habeas petition for reasons other than a determination that a previous application brought on the same grounds had been denied. See Practice Book § 23-29.[4] Second, she argues

---

[4] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

Section 23-29 of the Practice Book was adopted in 1995 as Practice Book § 529H. See Connecticut Law Journal, Vol. 56, No. 45 (May 9, 1995) p. 34C.

that the Appellate Court improperly concluded that the petition contained an implicit claim of ineffective assistance of counsel and, therefore, that there was a factual issue in dispute as to whether the petitioner's counsel had protected his right to appeal from the manslaughter conviction. Third, the commissioner argues that the Appellate Court improperly addressed a claim that she did not raise in the petitioner's appeal to that court, namely, whether the petition constituted a successive petition and was, therefore, an abuse of the writ. See Practice Book § 23-29 (3); *Iasiello* v. *Manson*, 12 Conn. App. 268, 273, 530 A.2d 1075 ("[w]here, as here, a successive . . . petition presents the same ground as an earlier petition which was decided on its merits, the burden is on the petitioner to show that the ends of justice warrant the court's consideration of the merits of the successive petition" [internal quotation marks omitted]), cert. denied, 205 Conn. 811, 532 A.2d 582 (1987). The petitioner counters that: (1) the revisions to the Practice Book did not supersede *Mercer*; (2) he adequately pleaded ineffective assistance of counsel; and (3) the Appellate Court properly determined that the present petition was not a successive petition. He also claims as alternate grounds for affirmance that: (1) the denial of an evidentiary hearing would violate his due process rights; and (2) he was entitled to a hearing pursuant to General Statutes § 52-470 (a).[5]

We conclude that, under the circumstances of this case, the petitioner adequately pleaded ineffective assistance of counsel and, therefore, that the Appellate Court properly remanded the case to the habeas court for an evidentiary hearing. Accordingly, we need not

---

[5] General Statutes § 52-470 (a) provides: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require."

consider the petitioner's claimed alternate grounds for affirmance. We further conclude that the Appellate Court improperly considered a claim not raised in the petitioner's appeal when it determined that the amended petition was not a successive petition. As a result, the commissioner may raise that claim as a defense on remand.[6]

Although the commissioner argues that the Appellate Court improperly applied *Mercer*, she does not argue that the petitioner is not entitled to an evidentiary hearing if we conclude that the Appellate Court properly determined that an ineffective assistance of counsel claim could be inferred from the pleadings. Accordingly, we address this issue at the outset.

"[T]he interpretation of pleadings is always a question of law for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint[7] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) *Travelers Ins. Co.* v. *Namerow*, 261 Conn. 784, 795, 807 A.2d 467 (2002).

---

[6] Although this claim is outside the scope of the certified question, we review it in the interest of judicial efficiency. *State* v. *Brown*, 242 Conn. 445, 447, 700 A.2d 1089 (1997) (court may address related claims not certified for review in interest of judicial economy).

[7] The petition for habeas corpus "has come to be regarded as a pleading in the nature of a complaint . . . and the return in the nature of an answer." (Citation omitted.) *Arey* v. *Warden*, 187 Conn. 324, 332, 445 A.2d 916 (1982).

Practice Book § 23-22 provides in relevant part that "[a] petition for a writ of habeas corpus . . . shall state: (1) the specific facts upon which each specific claim of illegal confinement is based . . . ." Practice Book § 23-30 (b) provides in relevant part that the return filed by the commissioner "shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default . . . ." Practice Book § 23-31 (c) provides in relevant part that any reply filed by the petitioner "shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. . . ."

The petitioner argues that he complied with these rules of practice because his petition set forth an independent constitutional claim supporting his claim of illegal confinement and his reply alleged cause and prejudice in response to the commissioner's claim of procedural default. We agree that, under the circumstances of this case, the petitioner's claim of ineffective assistance of counsel was pleaded with sufficient specificity to entitle him to an evidentiary hearing.

This court previously has recognized that, in certain circumstances, a petitioner's claim of a constitutional violation is so inextricably bound up in the issue of the effectiveness of his trial counsel, that a separate claim of a constitutional violation is not required. See *Commissioner of Correction* v. *Rodriquez*, 222 Conn. 469, 476, 610 A.2d 631 (1992), overruled on other grounds, *Simms* v. *Warden*, 229 Conn. 178, 185–86 n.12, 640 A.2d 601 (1994). In *Commissioner of Correction* v. *Rodriquez*, supra, 472, the petitioner claimed that "his trial counsel had not fully informed him that he had a right to testify, that it was his right to choose whether to testify, and that he would have testified if he had known of such a right. The petitioner also claimed that his right to due process had been violated because he had not been informed of his right to testify on his own

behalf." We stated that "[c]ases in which courts have found a denial of a defendant's right to testify almost invariably involve ineffective assistance of counsel or impermissible actions by the trial judge"; (internal quotation marks omitted) id., 476; and concluded that, "[i]n the absence of any allegations of impermissible trial court actions, this matter must first be analyzed as one involving the ineffective assistance of counsel." Id. Thus, we distinguished between habeas claims alleging impermissible action by the trial court and habeas claims alleging that the ineffective assistance of counsel, in and of itself, resulted in a constitutional violation.

The present case falls into the former category. The petitioner alleged in his petition that this court violated his right to a jury trial when it ordered the trial court to modify the judgment to reflect a conviction of manslaughter because the jury never had considered whether he had the state of mind required for manslaughter. He then alleged in the reply that the ineffective assistance of his counsel excused his failure to raise the issue during the appeal or to challenge the decision after it was made. In other words, he claimed that the ineffective assistance of counsel constituted cause and prejudice permitting review of his claim despite the claimed procedural default, a claim that properly is raised by way of a reply. See Practice Book § 23-31 (c); *Niblack* v. *Commissioner of Correction*, 80 Conn. App. 292, 296, 834 A.2d 779 (2003) (petitioner replied that procedural defaults at trial and on appeal were result of ineffective assistance of counsel), cert. denied, 267 Conn. 916, 841 A.2d 219 (2004). We see nothing in the record to indicate that the commissioner asked the habeas court to disregard the claim of ineffective assistance of counsel because it was not raised until the reply, and the habeas court, in fact, considered the claim in reaching its decision.[8]

---

[8] The habeas court indicated that, even if the petitioner's counsel had rendered ineffective assistance, the court still could not grant the petition

We recognize that the line separating habeas claims arising out of appellate counsel's failure to challenge an impermissible action by the trial court from habeas cases in which ineffective assistance of counsel, in and of itself, has resulted in a constitutional violation may be somewhat blurred.[9] We emphasize, therefore, that it is the better practice for habeas counsel to raise all ineffective assistance of counsel claims in the petition. Under the circumstances of this case, however, where the commissioner never argued to the habeas court that it should disregard the claim because it was raised in the reply, and where the habeas court recognized the claim in its decision, a determination that the claim was pleaded adequately will not result in any unfair surprise

because it had no authority to review this court's decision. At oral argument and in her brief to this court, the commissioner appeared to argue that we should adopt this reasoning as an alternative ground for affirming the decision of the habeas court. We decline to do so. In *Summerville* v. *Warden*, supra, 229 Conn. 419, we merely indicated that, *if an issue was litigated on appeal*, the petitioner is not entitled to bring a habeas petition challenging the outcome of the appeal. We did not suggest that, if an issue was *not* litigated and the outcome of the appeal was not challenged because of ineffective assistance of counsel, the petitioner is not entitled to bring a habeas action. A state habeas proceeding would not necessarily be futile under these circumstances because, if the petitioner established that the issue had not been litigated in the direct appeal and that this court's decision was unconstitutional for reasons that we never considered, the proceeding ultimately could come before this court and we could reverse the decision.

The habeas court appears to have determined that the petitioner's claim was litigated on direct appeal. The commissioner makes no claim, however, that if the habeas court otherwise had jurisdiction to hear the petition, it would not be required to hold an evidentiary hearing on that factual issue.

[9] In the present case, for example, it is not entirely clear whether the petitioner is alleging that (1) his counsel simply could not have known that this court would order a conviction of manslaughter instead of a new trial, but his failure to challenge the order *after* it was made constituted ineffective assistance, or (2) his counsel was aware that a manslaughter sentence was a possibility, and his failure to argue against that outcome constituted ineffective assistance. To the extent that the petitioner is making the latter claim, it could be argued that counsel invited the alleged constitutional violation and, therefore, the ineffective assistance of counsel itself resulted in the violation.

or prejudice to the commissioner. Cf. *Travelers Ins. Co.* v. *Namerow*, supra, 261 Conn. 795. We conclude, therefore, that the claim properly was pleaded in the petitioner's reply.[10] Accordingly, we conclude that the Appellate Court properly determined that the petitioner was entitled to an evidentiary hearing.

We next address the commissioner's claim that the Appellate Court improperly determined that the petition in the present case was not a successive petition. The commissioner argues that the Appellate Court should not have addressed the issue because it never pleaded that the petition was a successive petition. She further argues that the Appellate Court's analysis was flawed because it considered only whether the petitioner had raised the constitutional issue in the previous petition and did not consider whether *he could have* raised the issue in the previous petition.[11] See *McCleskey* v. *Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) ("a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice"). We agree with the commissioner that, in the absence of any specific claim by the commissioner that the petition was a successive petition, the Appellate Court's decision on this issue was premature. Accordingly, the commissioner should not be precluded from raising this issue on remand to the habeas court.

---

[10] Accordingly, we need not consider whether the Appellate Court properly determined that the ineffective assistance of counsel claim was implicit in the petition.

[11] The Appellate Court stated that "[t]he ineffective assistance of counsel claim made in the current petition is premised on trial counsel's failure to appeal or to protect the petitioner's right to appeal from his manslaughter conviction, an offense never considered by the jury. That constitutes a legal ground different from that alleged in the first petition." *Carpenter* v. *Commissioner of Correction*, supra, 81 Conn. App. 211–12.

The portion of the Appellate Court's judgment concluding that the petition was not a successive petition is reversed; the judgment is affirmed in all other respects.

In this opinion the other justices concurred.