******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# JOAQUIN GUDINO *v.* COMMISSIONER OF CORRECTION
## (AC 40696)

Lavine, Sheldon and Prescott, Js.*

*Syllabus*

The petitioner, who had been convicted, on a guilty plea, of murder in connection with the shooting death of the victim, sought a second petition for a writ of habeas corpus, claiming that his trial counsel and his prior habeas counsel had rendered ineffective assistance. Pursuant to a plea agreement, the petitioner initially had pleaded guilty to manslaughter in the first degree with a firearm in exchange for a recommended sentence of twenty-five years of incarceration. After reviewing the presentence investigation report, however, the trial court informed the petitioner that it was unwilling to impose the recommended sentence and permitted him to withdraw his plea. The case thereafter proceeded to trial but, prior to the close of evidence, the petitioner, pursuant to a new plea agreement, pleaded guilty to murder in exchange for a recommended sentence of forty-five years of incarceration, which the court subsequently imposed. The first habeas court denied the petitioner's first habeas petition, in which he alleged that his trial counsel had rendered ineffective assistance by, inter alia, failing to seek a dismissal of the jury panel on the basis of alleged juror misconduct. In count one of the second habeas petition, the petitioner alleged that his trial counsel rendered ineffective assistance by failing to investigate and present to the trial court certain mitigating evidence regarding his personal history and the events leading up to the shooting, which, he argued, would have persuaded the court to impose the original recommended sentence of twenty-five years. In count two, the petitioner alleged ineffective assistance of his prior habeas counsel. The habeas court dismissed count one of the petition as an improper successive claim, and it denied the petition as to count two. The court thereafter granted the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The petitioner could not prevail on his claim that the habeas court improperly dismissed count one of the habeas petition alleging ineffective assistance of trial counsel on the ground that it was an improper successive claim and, therefore, was barred by the doctrine of res judicata: the petitioner conceded at his habeas trial that there were no newly discovered facts or evidence unavailable to him at the time of his first habeas petition and, although the petitioner raised different factual allegations and legal theories in support of his claims that his trial counsel rendered ineffective assistance, the grounds asserted in count one of the petition were identical to those raised in the prior petition that was denied, in that each alleged ineffective assistance of counsel; moreover, the relief sought here, namely, that the court vacate the petitioner's conviction and remand the case to the trial court so that he could argue to that court that the original twenty-five year sentence should be imposed, was legally indistinct from the relief sought in his prior habeas petition, in which he requested that the case be remanded to the trial court, without specifying any further relief, and the petitioner could not circumvent dismissal of his petition here merely by rewording his request for relief.

2. The habeas court properly determined that the petitioner failed to demonstrate that he was prejudiced by the allegedly deficient performance of his trial counsel and prior habeas counsel and, therefore, properly denied count two of the habeas petition alleging ineffective assistance of prior habeas counsel; that court properly determined that there was not a reasonable probability that, but for trial counsel's alleged failure to investigate and present to the trial court certain mitigating information, the court would have imposed the original recommended sentence of twenty-five years, as the presentence investigation report adequately addressed and apprised the trial court of the mitigating evidence of the petitioner's background and upbringing, including his history involving sexual and domestic abuse, drug use, and mental and intellectual deficits,

as well as the circumstances surrounding the shooting of the victim, that report included a statement from members of the victim's family in which they vehemently opposed the twenty-five year sentence, and the trial court evinced a negative reaction to the report, particularly in light of the facts that, while the murder case was pending, the petitioner tampered with witnesses, fled the country, and never expressed any remorse for the offense.

Argued January 28—officially released July 16, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment dismissing the petition in part and denying the petition in part, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Andrew S. Marcucci*, assigned counsel, with whom was *Naomi Fetterman*, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Richard J. Colangelo*, state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, Joaquin Gudino, appeals following the granting of his petition for certification to appeal from the judgment of the habeas court dismissing in part and denying in part his amended petition for a writ of habeas corpus. On appeal, the petitioner claims, among other things, that the habeas court improperly (1) dismissed count one of the amended petition alleging ineffective assistance of trial counsel on the ground that it constituted an improperly successive petition, and (2) denied count two alleging ineffective assistance of prior habeas counsel on the ground that the petitioner failed to prove that he was prejudiced by the allegedly deficient performance of both his prior habeas counsel and his trial counsel. We disagree and, accordingly, affirm the judgment of the habeas court.

The relevant procedural history and facts[1] are as follows. In 1996, the petitioner was charged with murder in violation of General Statutes § 53a-54a. The petitioner was represented in the trial court by Attorney Robert A. Skovgaard. On January 28, 1998, the petitioner entered a guilty plea to a substitute information charging him with manslaughter in the first degree with a firearm in exchange for a recommended sentence of twenty-five years of incarceration. When the petitioner entered his plea, the court, *Dean, J.*, indicated that its willingness to impose the recommended sentence was contingent on its review of a presentence investigation report (PSI). The case was continued for preparation of the PSI and for sentencing.

On April 24, 1998, the court informed the parties that it was unwilling to impose the recommended sentence in light of unfavorable information contained in the petitioner's PSI. Accordingly, the court permitted the petitioner to withdraw his guilty plea and to enter a plea of not guilty. Following the withdrawal of the petitioner's guilty plea, the state amended the information to reinstate the charge of murder.

A jury trial commenced on July 28, 1998. At trial, several witnesses testified that the petitioner had shot the victim. Prior to the close of evidence, the petitioner and the state reached a new plea agreement, and the petitioner pleaded guilty to murder in exchange for a recommended sentence of forty-five years of incarceration. The court, *Nigro, J.*, subsequently imposed the recommended sentence.

In 2000, the petitioner filed his first petition for a writ of habeas corpus. See *Gudino* v. *Warden*, Superior Court, judicial district of New Haven, Docket No. CV-00-0435107-S (January 7, 2009). Attorney Paul R. Kraus was appointed by the court to represent the petitioner.

On March 13, 2007, the petitioner filed a three count amended petition. Count one alleged that his trial coun-

sel had provided ineffective assistance of counsel. Specifically, the petitioner asserted in count one that his trial counsel was ineffective because he failed (1) to seek a dismissal of the jury panel on the ground of alleged juror misconduct, (2) to advise the petitioner that he would lose his right to raise the juror misconduct issue on appeal if he pleaded guilty, and (3) to advise the petitioner about the possibility of pleading guilty conditionally in order to preserve his right to raise the juror misconduct issue on appeal. Count two alleged that the petitioner's decision to plead guilty was not knowingly, voluntarily, and intelligently made. Count three alleged that the trial court violated his due process rights by failing to declare a mistrial due to alleged juror misconduct.

A habeas trial was conducted by the court, *Hon. William L. Hadden*, judge trial referee. The court subsequently denied the petition and the subsequent petition for certification to appeal. This court dismissed the petitioner's appeal from the court's denial of the petition certification to appeal. *Gudino* v. *Commissioner of Correction*, supra, 123 Conn. App. 725.

On August 19, 2014, the petitioner filed his second petition for a writ of habeas corpus. It is this petition that underlies the present appeal. The habeas court, *Sferrazza, J.*, appointed a special public defender to represent the petitioner, who, with counsel's assistance, filed a two count amended petition, dated November 28, 2016, in which he raised claims of ineffective assistance both by his trial counsel and by his prior habeas counsel.

The petitioner alleged in count one of his amended petition that the performance of his trial counsel was constitutionally deficient in numerous ways. Many of the allegations of deficient performance centered on trial counsel's alleged failure to investigate and present to Judge Dean information regarding events leading up to the commission of the crime and the petitioner's substance abuse history, mental health, lack of education, learning disabilities, and upbringing, that, according to the petitioner, would have persuaded the court to impose the original recommended sentence of twenty-five years of incarceration. The petitioner alleged that there is a reasonable probability that, but for the deficient performance of trial counsel, Judge Dean would have imposed the recommended twenty-five year sentence for manslaughter in the first degree with a firearm, and, thus, the petitioner would not currently be serving a forty-five year sentence for murder. In count two of his amended petition, the petitioner alleged that his prior habeas counsel, Kraus, had rendered ineffective assistance by failing to allege that his trial counsel had provided ineffective assistance for the reasons enumerated in count one of the amended petition.

On July 7, 2017, following a trial, the second habeas

court dismissed, pursuant to Practice Book § 23-29 (3),[2] count one of the amended petition on the ground that it did not allege any legal grounds different from those raised in his prior petition or rely on any new evidence that was not reasonably available when the prior petition was brought. Accordingly, it dismissed count one as an improper successive claim.

With respect to count two, the court denied the petitioner relief for three reasons. First, citing *State* v. *Madera*, 198 Conn. 92, 97, 503 A.2d 136 (1985), which, in turn, relied on *Tollett* v. *Henderson*, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973), the court concluded that the petitioner had waived any challenge to the allegedly deficient performance of his trial counsel with respect to the plea proceedings before Judge Dean by later pleading guilty to murder before Judge Nigro. The habeas court reasoned that because he had waived any claim of ineffective assistance against trial counsel, he could not establish that his prior habeas counsel was ineffective for failing to raise that claim in his prior petition.

Second, the court denied the petitioner relief on count two on the alternative ground that, even if his claims were not waived by his guilty plea to murder, the petitioner had failed to demonstrate that habeas counsel's performance was constitutionally deficient. Finally, the habeas court denied the petitioner relief on the additional alternative ground that he failed to establish that any allegedly deficient performance prejudiced the petitioner. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Specifically, the habeas court concluded that even if trial counsel had presented all of the information that the petitioner alleges should have been presented to Judge Dean about the commission of the crime and the petitioner's background, it was unpersuaded that Judge Dean would have imposed the recommended twenty-five year sentence.

On July 12, 2017, the habeas court granted the petition for certification to appeal. This timely appeal followed.

I

We first address the petitioner's claim that the habeas court improperly dismissed, pursuant to Practice Book § 23-29 (3), count one of his amended petition. The petitioner argues that, contrary to the conclusion of the habeas court, count one of the amended petition does not allege an improperly successive claim because it contains new factual specifications of ineffective assistance of counsel and seeks different forms of relief from those sought in his first habeas petition. According to the petitioner, the claim raised in the first count of his present petition was not improperly successive because his first habeas petition alleged ineffective assistance of trial counsel on the basis of counsel's

failure to secure a dismissal of the jury panel for juror misconduct and his subsequent failure to inform the petitioner that, if he pleaded guilty, he would waive his right to challenge the court's juror misconduct ruling on appeal. The current petition, by contrast, alleges ineffective assistance of trial counsel on the basis of, among other things, counsel's failure to conduct a proper investigation and to present to Judge Dean critical information that would have persuaded the court to impose the recommended twenty-five year sentence. Alternatively, the petitioner argues that the claim in count one is not improperly successive because one of the forms of relief the petitioner seeks in the current petition with respect to count one is different from the relief sought in the prior petition. We are unpersuaded by the petitioner's arguments and, therefore, affirm the habeas court's judgment dismissing count one.

We begin our analysis by reviewing the doctrine of res judicata as it applies to successive petitions in habeas corpus proceedings. "Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. . . . In fact, the ability to dismiss a petition [if] it presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition is memorialized in Practice Book § 23-29 (3)." (Citations omitted; internal quotation marks omitted.) *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 64–65, 6 A.3d 213 (2010), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011).

Pursuant to Practice Book § 23-29 (3), "[i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." (Footnote omitted; internal quotation marks omitted.) *Zollo* v. *Commissioner of Correction*, 133 Conn. App. 266, 277, 35 A.3d 337, cert. granted, 304 Conn. 910, 39 A.3d 1120 (2012) (appeal dismissed May 1, 2013). "[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Emphasis omitted; internal quotation marks omitted.) Id., 278.

Finally, "[t]he conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support

in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 392, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

We first address the petitioner's assertion that, because his allegation of ineffective assistance of trial counsel is premised on factual allegations different from those pleaded in his previous petition, the claim is not improperly successive. In making this assertion, he relies on *Carpenter* v. *Commissioner of Correction*, 81 Conn. App. 203, 210–12, 840 A.2d 1 (2004), rev'd in part, 274 Conn. 834, 878 A.2d 1088 (2005), for the proposition that a successive claim of ineffective assistance of counsel against the same attorney is not subject to dismissal pursuant to Practice Book § 23-29 (3) provided that it contains different factual specifications of deficient performance from those pleaded in his previous petition. The decision in *Carpenter*, however, was reversed in part by our Supreme Court because it concluded that this court should not have addressed the question of whether the petition was barred by res judicata in light of the fact that the commissioner never sought dismissal of the petition on that ground. See *Carpenter* v. *Commissioner of Correction*, 274 Conn. 834, 847, 878 A.2d 1088 (2005) ("[t]he portion of the Appellate Court's judgment concluding that the petition was not a successive petition is reversed; the judgment is affirmed in all other respects").

To the contrary, the petitioner's claim is controlled by *Alvarado* v. *Commissioner of Correction*, 153 Conn. App. 645, 103 A.3d 169, cert. denied, 315 Conn. 910, 105 A.3d 901 (2014). In *Alvarado*, this court squarely held that, in the absence of allegations and facts not reasonably available to the petitioner at the time of the original petition or a claim for different relief, a subsequent claim of ineffective assistance directed against the same counsel is subject to dismissal as improperly successive. Id., 650–51. As the court in *Alvarado* stated: "Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . However they are proved, the grounds that the petitioner asserted are identical in that each alleges ineffective assistance of counsel, and, therefore, the habeas petition was properly dismissed." (Citation omitted; internal quotation marks omitted.) Id., 651; see also *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 235, 965 A.2d 608 (2009) (petitioner was barred, as matter of res judicata, from raising in second petition same claim of ineffective assistance of counsel raised in his first petition); *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 230–32, 888 A.2d 183 (court properly

dismissed second habeas petition alleging ineffective assistance of counsel where second petition was premised on same legal grounds as first petition alleging ineffective assistance of counsel and buttressed by no new facts alleged not to have been reasonably available while first habeas petition was pending), cert. denied, 277 Conn. 917, 895 A.2d 789 (2006).

We turn next to the petitioner's assertion that count one should not have been dismissed as improperly successive because it sought different relief from his prior petition. Specifically, the petitioner relies on the fact that in his amended petition, he requests the court to vacate his conviction and remand this case to the trial court to permit him "the opportunity to persuade the trial court that the original plea bargain should be imposed," whereas in his prior petition, he simply had requested that the case be remanded to the trial court without specifying any further relief. This assertion is meritless.

This court previously rejected in *Carter* v. *Commissioner*, supra, 133 Conn. App. 387, the assertion that a petitioner can avoid dismissal of a successive petition by rewording his request for relief. In *Carter*, the petitioner claimed that the court improperly dismissed his insufficiency of the evidence claim as a successive petition barred by res judicata. Id., 394. The petitioner claimed that, by seeking the remedy of a judgment of acquittal, his petition sought different relief from his previous petition in which he requested a new trial. Id. The petitioner, however, also requested in his first petition, " 'such other relief [as] law and justice require.' " Id. Further, "because the petitioner's claim in that first habeas was the insufficiency of evidence leading to his conviction, if he had been successful the only appropriate remedy would have been an order of acquittal . . . ." Id. The court "was not persuaded by [the petitioner's] novel argument," stating that, "[t]he reason of the law is not so thin . . . as to reward a petitioner merely for rewording the relief requested in two separate petitions . . . ." Id.

We agree with the habeas court that the relief requested in both the first and second habeas actions "are legally indistinct for purposes of evaluating whether the present action is a successive petition under Practice Book § 23-29 (3)." Further, we agree with the habeas court that "[t]he essential purpose of both the former and present claims . . . is to vacate the petitioner's guilty plea to murder and the resulting sentence and return the case to the criminal docket for further adjudication." In both petitions, the petitioner requested that his conviction and sentence be vacated and his case be remanded to the trial court. Despite his attempt at reformulation, the petitioner functionally seeks the same relief in both petitions.

Because the petitioner is bringing a claim on the same

legal ground and seeking the same relief, he can avoid dismissal only by alleging and demonstrating that evidence necessary to support the newly asserted facts was not reasonably available at the time of the prior petition. See Practice Book § 23-29 (3). The petitioner, however, conceded during his habeas trial that there were no new facts or evidence not reasonably available to Kraus at the time he filed his previous petition. Therefore, the habeas court properly concluded that the petitioner's claim of ineffective assistance of trial counsel was an improperly successive claim and, thus, is barred by the doctrine of res judicata. Accordingly, we affirm the habeas court's judgment dismissing the first count of the amended petition, in which that claim is alleged.

## II

We next address the petitioner's claim that the habeas court improperly denied count two of his petition. Specifically, the petitioner argues that the habeas court improperly concluded that (1) he had waived any claims against prior habeas counsel and trial counsel by pleading guilty before Judge Nigro,[3] (2) he failed to demonstrate that the performance of both prior habeas counsel and trial counsel was constitutionally deficient and (3) he failed to demonstrate that there is a reasonable probability that, but for trial counsel's deficient performance, Judge Dean would have imposed the recommended twenty-five year sentence for manslaughter in the first degree with a firearm.

With respect to the petitioner's first argument, the state concedes that the habeas court misapplied *Tollett* v. *Henderson*, supra, 411 U.S. 258, in concluding that the petitioner had waived at least some of the claims alleged in count two of his amended petition. In light of this partial concession, and because the judgment of the habeas court must be affirmed on at least one of the alternative grounds decided by the court, we decline to opine on whether the rule of waiver set forth in *Tollett* applies in this case. Instead, we conclude that the habeas court properly concluded that the petitioner failed to demonstrate that he was prejudiced by the alleged deficient performance of his trial and prior habeas counsel.

We begin our analysis with the law governing the petitioner's claim, as well as our standard of review. "The use of a habeas petition to raise an ineffective assistance of habeas counsel claim, commonly referred to as a habeas on a habeas, was approved by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992). In *Lozada*, the court determined that the statutory right to habeas counsel for indigent petitioners provided in General Statutes § 51-296 (a) includes an implied requirement that such counsel be effective, and it held that the appropriate vehicle to challenge the effectiveness of habeas counsel is through a habeas petition. . . . In *Lozada*, the court explained

that [t]o succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. . . . As to each of those inquiries, the petitioner is required to satisfy the familiar two-pronged test set forth in *Strickland* v. *Washington*, supra, 466 U.S. 687. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . In other words, a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of trial counsel must essentially satisfy *Strickland* twice . . . .

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . Judicial scrutiny of counsel's performance must be highly deferential and courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . With respect to the prejudice prong, the petitioner must establish that if he had received effective representation by habeas counsel, there is a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . ." (Citations omitted, internal quotations omitted.) *Gerald W.* v. *Commissioner of Correction*, 169 Conn. App. 456, 463–65, 150 A.3d 729 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017).

"A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland* v. *Washington*, supra, 466 U.S. 670.

Finally, "[i]t is well settled that in reviewing the denial of a habeas petition alleging the ineffective assistance of counsel, [t]his court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Gerald W.* v. *Commissioner of Correction*, supra, 169 Conn. App. 465.

Turning to the present case, we agree with the habeas court that the petitioner failed to prove the prejudice

prong of *Strickland* with respect to trial counsel's alleged deficient performance, and, therefore, his claim of ineffective assistance against habeas counsel also fails.[4] Specifically, the petitioner failed to prove that a reasonable probability exists that, but for his trial counsel's failure to investigate and present further mitigating evidence to support the initial plea agreement, Judge Dean would have imposed the recommended sentence.

In support of his claim, the petitioner contends that Judge Dean was unaware of certain information about the facts leading up to the commission of the offense and the petitioner's background and upbringing. Specifically, the petitioner argues that Judge Dean was unaware that the petitioner was intoxicated at the time of the shooting; that trial counsel did not provide enough details regarding the petitioner's home life, particularly that the petitioner reported that he was sexually abused as a child and witnessed domestic abuse; and the PSI report did not indicate specific diagnoses and intellectual disabilities with which Leonard Kenowitz, a substance abuse psychologist and counselor called as an expert witness by the petitioner at the second habeas trial, had diagnosed the petitioner.

The habeas court determined, and we agree, that contrary to the petitioner's averments, the PSI explored these topics. The PSI discussed at length the petitioner's home life, trouble at school, depression, and propensity for violence at a young age. Additionally, the PSI report discussed the argument between the petitioner and the victim the day of the shooting, an altercation between the petitioner and the victim the week prior, the petitioner's regular use of phencyclidine (PCP), and his mental and intellectual deficits. Therefore, substantial mitigating evidence was contained in the PSI presented to Judge Dean.

Despite this mitigating information, the PSI report stated: "[The petitioner] is unfortunately the predictable result of a broken home, an overworked school system, and criminally influenced peers. He is, however, not the only child with those burdens, and those others, for the most part, do not kill in such a cold-blooded manner." The PSI also stated that "[the petitioner's] initial brushes with the law and subsequent consequences in the criminal justice system were not enough to deter him from future criminal activities" and, "[g]iven the circumstances of this cold-blooded killing, [the petitioner's] history, and for the safety of the community, it is respectfully recommended that the maximum sentence be imposed."

The habeas court, in its memorandum of decision, noted Judge Dean's strong negative reaction to the PSI. Indeed, at the sentencing hearing Judge Dean stated: "It is a terrible PSI—not one good thing in the whole PSI. There's nothing in this PSI that would give me a

basis for a [twenty-five year] sentence." The habeas court also noted that Judge Dean's negative view of the information contained in the PSI was informed by the substantial aggravating factors relating to the underlying offense and the petitioner's actions while the case was pending, including tampering with witnesses and "evad[ing] detection and punishment." The petitioner had pleaded guilty to a premeditated shooting and, after the commission of the offense, fled the country.

Moreover, the habeas court emphasized that the petitioner failed to show any remorse for his crime. In its memorandum of decision, the habeas court stated, "[t]he petitioner *never expressed remorse for killing the victim* or even recognition that he caused the legal troubles in which he found himself embroiled. His attitude about the homicide consisted of exploring the ways to avoid conviction and punishment." (Emphasis added.) Finally, the family members of the victim made it clear to the court in a written statement, which was incorporated into the PSI, that they vehemently opposed the recommendation of the twenty-five year plea sentence.

In light of these facts and what the habeas court could glean from the limited record about Judge Dean's view of the petitioner's attitude and suitability for a low sentence, the habeas court simply was unpersuaded that a more fulsome sentencing presentation by the petitioner's trial counsel would have convinced Judge Dean that a twenty-five year sentence was appropriate in these circumstances.[5] The petitioner has failed to demonstrate that the factual findings that underlie Judge Sferrazza's conclusion are clearly erroneous or that his ultimate legal conclusion regarding prejudice was incorrect. Accordingly, we affirm the judgment of the habeas court dismissing count one and denying count two of the amended petition.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The facts include those explicitly found by the habeas court, as well as those stipulated to by the parties and set forth in this court's decision in the petitioner's prior habeas appeal. See *Gudino* v. *Commissioner of Correction*, 123 Conn. App. 719, 3 A.3d 134, cert. denied, 299 Conn. 905, 10 A.3d 522 (2010).

[2] Practice Book § 23-29 provides in relevant part: "The judicial authority may . . . dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

[3] The petitioner also contends that the habeas court improperly raised the issue of waiver sua sponte. It is unnecessary for us to address this assertion in light of our conclusion that the habeas court properly denied this count for at least one alternative reason.

[4] The habeas court's ability to assess whether Judge Dean would have been persuaded by the presentation of additional mitigating information was made more difficult by the fact that no transcript exists of the April 24, 1998 sentencing proceeding before Judge Dean because the recording of the proceeding is inaudible. In an attempt to reconstruct the substance

of the proceeding, the habeas court admitted as a full exhibit a copy of a newspaper article that describes the proceeding in a limited fashion.

[5] The petitioner, in his appellate brief, makes a passing reference to certain instances of deficient performance by his trial counsel occurring after Judge Dean had declined to impose the recommended sentence. The petitioner argues that the habeas court failed to consider these issues in deciding that he was not prejudiced by any deficient performance. Because the petitioner did not adequately brief this claim, we decline to address it. See *In re Elijah C.*, 326 Conn. 480, 495, 165 A.3d 1149 (2017) ("Ordinarily, [c]laims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion. . . . Claims are also inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." [Internal quotation marks omitted.]).

––––––––––––––––––––––––––––